# IN UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEMETRIUS TERRENCE FRAZIER** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case No.  2:04-CV-0211-RDP** |
| ) | |
| **WARDEN BARBARA BOUCHARD,** ) | |
| **AND THE ATTORNEY GENERAL** ) | |
| **FOR THE STATE OF ALABAMA,** ) | |
| ) | |
| **Respondents.** ) | |

## MEMORANDUM OPINION ON RULE 59(e) MOTION

On September 28, 2007, this court entered a memorandum opinion and order denying Petitioner's petition for writ of habeas corpus, which sought relief from his state court conviction for capital murder and death sentence pursuant to 28 U.S.C. § 2254.[1] On October 15, 2007, Petitioner filed a timely motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[2]

After consideration of Petitioner's post-judgment motion, on April 2, 2008, the undersigned reinstated this action "for the limited purpose of allowing the parties to brief the matter of whether Petitioner is due an evidentiary hearing before this court

---

[1]*See* Doc. 34 (memorandum opinion) and Doc. 35 (order).

[2]*See* Doc. 37 (Rule 59 motion).

on his claims of ineffective assistance of trial counsel."[3] The parties have complied with the order. On May 7, 2008, Petitioner filed a brief in support of an evidentiary hearing and on July 30, 2008, Respondents filed a brief in opposition thereto. (Doc. 41 and 46). On August 22, 2008, Petitioner filed a reply brief. (Doc. 47).

## I.  STANDARDS OF REVIEW

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment may be filed within ten days after entry of the subject judgment, but does not specify the grounds for granting relief.[4] As a consequence, the decision of whether to alter or amend a judgment is largely committed to "the sound discretion of the district judge." *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir.1985). Even so, as another court within this Circuit has recognized, there are "four basic grounds for granting a Rule 59(e) motion":

> (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *See O'Neal v. Kennamer*, 958 F.2d 1044,

---

[3] *See* Doc. 40, p. 2 (reinstatement).

[4] Fed. R. Civ. P. 59(e) provides that: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

> 1047 (11th Cir. 1992). Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. Wright, Miller & Kane, *supra*.

*McNair v. Campbell*, 315 F. Supp. 2d 1179, 1181-82 (M.D. Ala. 2004), *rev'd on other grounds*, 416 F.3d 1291 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1828 (2006).

## II. DISCUSSION

In his motion, Petitioner asserts that the memorandum opinion "not only contains substantial factual errors, but also contains significant errors of law that will not withstand appellate review." (Doc. 27, p. 1). The purported errors are isolated to the court's rulings regarding trial counsel's alleged failure to investigate, discover and present mitigating evidence at the penalty phase of trial[5], a claim that this court found to be procedurally defaulted, or in the alternative, without merit. (Doc. 34, pp. 126-27 (memorandum opinion)).

After careful review of Petitioner's motion (Doc. 37), all briefs filed subsequent thereto (Doc. 41, 46, 47), the record, and this court's memorandum opinion, the court concludes that the grounds asserted by Petitioner as a basis for altering or amending the procedural default of the ineffectiveness claim heretofore described, and his request for an evidentiary hearing in conjunction with his motion are due to be denied. Because the court finds that its primary procedural default

---

[5]*Id.* at 2, 22, and hereinafter referred to as the "claim."

ruling in the memorandum opinion is correct, no discussion regarding the court's alternate denial of the claim on the merits is necessary. The court will apply the appropriate legal standard to Petitioner's post-judgment arguments against the procedural default of the claim.

Petitioner argues his motion to alter or amend the procedural default of the claim at issue should be granted because he satisfied his burden to plead the claim with sufficient specificity when the claim was presented in state court post-conviction proceedings, as required by Alabama Rules of Criminal Procedure 32.3 and 32.6(b). (Doc. 37, pp. 6-9). He additionally argues Rules 32.3 and 32.6(b) as applied in Alabama and his case in particular, are neither adequate nor independent of federal law. (*Id*. at 9-17).

The foregoing arguments were fully addressed and rejected in the memorandum opinion. (*See* Doc. 34, pp. 6-13, 126-27). Rule 59(e) is not a tool to relitigate old matters, and a careful reading of the memorandum opinion shows no errors of law or fact. The claim is procedurally defaulted.

Next, Petitioner asserts that even if the claim is "perceived" to be procedurally defaulted, he can establish cause and prejudice to overcome the default because "the actions of the state courts hindered [his] compliance with the state procedural rules and otherwise made his compliance impractical." (Doc. 37, pp. 18-20). However,

since he declares "[m]any of the same facts supporting" his arguments regarding Rules 32.3 and 32.6(b) also serve as cause and prejudice to overcome the procedural default, and this court has rejected those arguments as a basis for relief in the memorandum opinion and the disposition of this motion, it follows that Petitioner cannot establish the cause and prejudice necessary to overcome the procedural default of the claim.

Finally, Petitioner argues that it would be a miscarriage of justice if the claim is not heard because "[i]nasmuch as [he] has now confirmed that he is brain-damaged and as impaired as a mentally retarded person, he is 'innocent of the death penalty' in that he is not a member of the class of defendants for whom the death penalty may be constitutionally imposed." (Doc. 21). As support for this argument, Petitioner attaches the neuropsychological evaluation of Bryan Hudson, Ph.D. as an exhibit to the motion to alter or amend the judgment. (*See* Exhibit A, Doc. 37-2, pp. 1-2).

The legal and evidentiary basis of Petitioner's argument has been raised for the first time in this post-judgment motion. In fact, the neuropsychological evaluation was not performed until September 10, 2007, and is dated October 15, 2007 (the same date that Petitioner filed the Rule 59(e) motion in this court). Rule 59(e) prohibits a party from raising new legal arguments and presenting new evidence that were not presented before final judgment was entered. For the foregoing reasons, Petitioner's

5

assertion that a miscarriage of justice will result if this aspect of the claim is not heard is without merit.

Petitioner's request for an evidentiary hearing is also due to be denied. 28 U.S.C. § 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis for a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant show that –
>
> > (A) the claim relies on –
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to develop the factual basis for this claim in state court proceedings because he failed to comply with state court procedural rules, and he cannot show that he nonetheless should be afforded an evidentiary hearing under any

of the enumerated exceptions listed above. For the foregoing reasons, Petitioner's Motion to Alter or Amend the Judgment (Doc. 37) is due to be denied.

A separate order in accordance with this memorandum opinion with be entered.

**DONE** and **ORDERED** this ___22nd___ day of September, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE